Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., 4th Floor
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
**WILLIE RIOS**

# UNITED STATES DISTRICT COURT,
## DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIE RIOS, | ) **Case No.:** |
| | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| ASSOCIATED CREDITORS EXCHANGE | ) |
| | ) |
| INC., | ) |
| | ) |
| Defendant. | |

## PLAINTIFF'S COMPLAINT

WILLIE RIOS (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against ASSOCIATED CREDITORS EXCHANGE INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

- 1 -

*4.*  Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

### PARTIES

6.  Plaintiff is a natural person residing in Las Vegas, Clark County, State of Nevada.

7.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a collection agency and that maintains an office in Phoenix, Maricopa County, Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant called Plaintiff from 800-280-3800.

13. Defendant calls Plaintiff at Plaintiff's cell phone.

14. Defendant caller left at least one voicemail message where caller failed to disclose the name of the company.  (See transcribed voicemail messages attached as Exhibit A.)

15.  Defendant caller left at least one voicemail message where caller failed to disclose that the call is from a debt collector.  (See Exhibit A.).

### COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692d* of the FDCPA because Defendant engaged in harassing, oppressive, or abusive conduct the natural consequence of which is to harass, oppress or abuse when Defendant continuously and constantly calls Plaintiff seeking and demanding payment for an alleged debt.

b. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

c. Defendant violated *§1692d(6)* of the FDCPA because Defendant called and left voicemail messages that do not disclose the name of the company that Defendant is calling from, therefore no meaningful disclosure of Defendant's identity.

d. Defendant violated *§1692(e)* of the FDCPA because Defendant made a false, deceptive or misleading statement each time Defendant left a message without stating the name of the company from where caller is calling.

e. Defendant violated *§1692e(10)* of the FDCPA because Defendant used false representation or deceptive means to collect a debt or obtain information concerning Plaintiff when Defendant called by leaving voicemail messages that do not disclose the name of the company that Defendant is calling from and do not disclose that the call is from a debt collector.

f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

g. Defendant violated *§1692f* of the FDCPA by engaging in unfair or unconscionable means to collect or attempt to collect any debt when it left at least one voicemail message that do not disclose the name of the company, when it left the same voicemail message that failed to state that the call is from a debt collector.

- 3 -

PLAINTIFF'S COMPLAINT

17. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, WILLIE RIOS, respectfully requests judgment be entered against Defendant, ASSOCIATED CREDITORS EXCHANGE INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, WILLIE RIOS, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  July 21, 2009                     KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

1

2

3  ## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

4  STATE OF NEVADA

5       Plaintiff, WILLIE RIOS, states as follows:

6    1.     I am the Plaintiff in this civil proceeding.
  2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe
7           that all of the facts contained in it are true, to the best of my knowledge, information
         and belief formed after reasonable inquiry.
8    3.     I believe that this civil Complaint is well grounded in fact and warranted by existing
         law or by a good faith argument for the extension, modification or reversal of existing
9           law.
  4.     I believe that this civil Complaint is not interposed for any improper purpose, such as
10           to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
         needless increase in the cost of litigation to any Defendant(s), named in the
11           Complaint.
  5.     I have filed this Complaint in good faith and solely for the purposes set forth in it.
12    6.     Each and every exhibit I have provided to my attorneys which has been attached to
         this Complaint is a true and correct copy of the original.
13    7.     Except for clearly indicated redactions made by my attorneys where appropriate, I
         have not altered, changed, modified or fabricated these exhibits, except that some of
14           the attached exhibits may contain some of my own handwritten notations.

15       Pursuant to 28 U.S.C. § 1746(2), I, WILLIE RIOS, hereby declare (or certify, verify
or state) under penalty of perjury that the foregoing is true and correct.
16

17  DATE: _7-9-09_                     _Willie E. R._
                                   WILLIE RIOS

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT A</u>**

PLAINTIFF'S COMPLAINT

This message is for Will.  This is from Mike Hart.  I do need you to return my call at 1800-280-3800, extension 1233.  I do have a good news for you.  I do need to hear from you today.  I am here at 1800-280-3800, extension 1233

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT B</u>**

PLAINTIFF'S COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES)  NO
2. Fear of answering the telephone — (YES)  NO
3. Nervousness — (YES)  NO
4. Fear of answering the door — YES  NO
5. Embarrassment when speaking with family or friends — (YES)  NO
6. Depressions (sad, anxious, or "empty" moods) — (YES)  NO
7. Chest pains — YES  NO
8. Feelings of hopelessness, pessimism — (YES)  NO
9. Feelings of guilt, worthlessness, helplessness — (YES)  NO
10. Appetite and/or weight loss or overeating and weight gain — YES  NO
11. Thoughts of death, suicide or suicide attempts — YES  NO
12. Restlessness or irritability — (YES)  NO
13. Headache, nausea, chronic pain or fatigue — (YES)  NO
14. Negative impact on my job — (YES)  NO
15. Negative impact on my relationships — (YES)  NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _AGGRAVATION FROM CALLING EVERYDAY !!! AND BLOCK NUMBERS._

_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _7-9-09_

_Willie E R_
Signed Name

_WILLIE E. RIOS_
Printed Name